UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | 3:13-cr-00145-WWE |
| | : | |
| CARLOS PADILLA. | : | |

### MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO REDUCE SENTENCE

Defendant Carlos Padilla has filed a request seeking a reduction of his 84 month sentence due to changes to the Sentencing Guidelines. For the following reasons, defendant's motion will be denied.

At sentencing, defendant's guideline range was 97 to 121 months. Under the new Guidelines, defendant's guideline range is 78 to 97 months. However, in this case, defendant has already benefitted from the changes to the Guidelines, as such changes were anticipated by the parties and implemented by the Court during Padilla's sentencing. Accordingly, resentencing in this case would be unproductive, as the Court would have no basis to alter defendant's 84 month sentence. Moreover, defendant explicitly waived his right to challenge his sentence on the basis of the anticipated guideline range reduction.

During defendant's sentencing hearing on July 14, 2014, defendant and the Government entered into a written amendment to the previously filed plea agreement which was filed and accepted by the Court. See ECF No. 99. That agreement provided:

> The parties acknowledge that the United States Sentencing Commission has proposed an amendment to this section of the Guidelines applicable in this case (79 Fed. Reg. 3279 (Jan. 17, 2014)), which would reduce the defendant's base offense level for this offense to 27. This amendment, if adopted, would formally take effect on November 1, 2014. Nonetheless, the government, as a matter of policy, agrees to incorporate this proposed reduction into the previously entered plea agreement, thus making the defendant's total offense level 27. The defendant agrees that if the United States

Sentencing Commission does adopt the proposed amendment referenced above, the reduction is already incorporated into this plea agreement and the defendant will not be able to ask for a further two point reduction due to any such amendment to the Sentencing Guidelines.

ECF No. 99 at 1.

As defendant's sentence contemplated the guideline range resulting from the Amendment at issue, and defendant waived his ability to ask for a further reduction in sentence, defendant's motion will be denied.

Dated this 2nd day of May, 2016, at Bridgeport, Connecticut.

    /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE